UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

             Plaintiff,

vs.

AHMAD MUSA JEBRIL,

             Defendant.

_____/

Case No. 03-80810

Hon. Gerald E. Rosen

## BRIEF IN SUPPORT OF SUPPRESSION OF CLIENT'S STATEMENT AND REDACTION OF FINGERPRINT CARD

The Defendant, AHMAD MUSA JEBRIL, is charged in a forty-two (42) count indictment with various offenses including: Money Laundering, Mail Fraud, Wire Fraud, Bank Fraud, Social Security Fraud, Felon in Possession of a Firearm, and Failure to File Income Tax Returns. That during the course of the trial in the within cause of action the Government has sought to introduce Government's Exhibit No. 2.4 which is a fingerprint card for the Defendant, Ahmad Musa Jebril, wherein the following aliases are set forth on said fingerprint card: BRAHIM MAACH, MOHAMMED RIAD, MOHAMMED SUFIAN, JAMAL SIENY, NASAR UMAR, AHMAD GIBREEL and AHMED GIBREL. Upon inquiry about the admissibility of the aliases on the fingerprint card, Assistant United States Attorney Cynthia Oberg informed the undersigned counsel that the Defendant, Ahmad Musa Jebril, had admitted that the aforestated aliases were utilized by the Defendant.

**Poor Quality Original**



FILED

NOV 0 8 2004

CLERK'S OFFICE
DETROIT

As this Court is well aware, the within cause of action deals with various counts of fraud wherein the Defendant is alleged to have used various aliases in the course of said fraudulent activity. Many of the aliases set forth on the fingerprint card are the aliases the Government claims were utilized in the alleged fraudulent activity. (A copy of said fingerprint card, Government Exhibit 2.4, is attached hereto and incorporated herein by reference thereto.)

On September 9, 2003, the Defendant was arrested on a warrant which led to the prosecution in the within cause of action. The Defendant was subsequently booked and processed on September 9, 2003, at which time the aforestated fingerprint card was prepared by a Government agent. At the time of his arrest, the Defendant, Ahmad Musa Jebril, invoked his right to counsel upon the attempt by Government agents to interview the Defendant. (A copy of FBI-302 is attached hereto and incorporated herein by reference thereto.)

The Defendant, Ahmad Musa Jebril, contends that due to the fact that the Defendant invoked his right to counsel, that any and all statements made by the Defendant fall within the Defendant's privileges pursuant to the Fifth and Sixth Amendments of the United States Constitution, and accordingly, cannot be presented as evidence in the within cause of action. Said statements must be suppressed, as a result of Defendant's request for counsel.

Furthermore, any and all aliases set forth on the Defendant's fingerprint card, Government Exhibit 2.4, must be redacted prior to the admission into evidence.

In Rhode Island v. Innis, 446 US 291; 100 S.Ct. 1682; 64 L Ed 2d 297 (1980), the United States Supreme Court set forth the boundaries as to what is included in "interrogation."

2

> "We conclude that the Miranda safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term "interrogation" under Miranda refers not only to express questioning, but also to any words or actions on the part of the police "other than those normally intended to arrest and custody" that the police should know are reasonably likely to illicit an incriminating response from the suspect." (footnotes omitted) 446 US 300-301.

On September 9, 2003 the Defendant was in custody at the time his fingerprint card was prepared. Clearly special agents of the FBI were aware that responses to the inquiry pertaining to aliases of the Defendant were reasonably likely to illicit an incriminating response from the Defendant. The Government's case is based upon alleged fraudulent activity by utilization of alias names by the Defendant, many of which are set forth on the fingerprint card in question. In <u>Innis</u>, the Court further stated at footnote 8 as follows:

> "Any knowledge that police may have had concerning the unusual susceptibility of a defendant to a particular form of persuasion might be an important factor in determining whether the police should have known that their words or actions were reasonably likely to illicit an incriminating response from the subject." 446 US at 302.

It is unequivocal that law enforcement authorities were aware that the admission of aliases by the Defendant could be utilized as substantive evidence against the Defendant in the within cause of action.

Ordinarily, routine background questioning does not illicit incriminating responses, and thus does not constitute interrogation. See <u>Pennsylvania v. Muniz</u>, 496 US 582 (1990). This

3

would include questioning pertaining to individual's names, address, height, weight, date of birth, eye color, and age. Law enforcement authorities are required to follow the dictates of Miranda where the booking questions or biographical questions would likely illicit incriminating responses. See U.S. v. Henley, 984 F 2d 1040 (9th Cir. 1993). In Henley, law enforcement authorities questioned the driver of a vehicle used in a bank robbery about the vehicle's ownership, which resulted in an incriminating response because law enforcement authorities were aware that it would likely produce an incriminating response. Accordingly, the statement was suppressed. Also see U.S. v. Gonzalez-Sandoval, 894 F2d 1043 (9th Cir. 1990); U.S. v. Booth, 669 F2d 1231 (9th Cir. 1981).

However, Courts must carefully scrutinize the particular facts of each case to determine if routine questioning constitutes interrogation.    Several Sixth Circuit Courts have ruled that although ordinarily the routine gathering of biological data for booking purposes should not constitute interrogation under Miranda, factual circumstances are important to determine whether interrogation is present. Courts should carefully scrutinize the factual setting of each encounter of this type. Even a relatively innocuous series of questions may, in light of the factual circumstances and the susceptibility of the particular suspect, be reasonably likely to elicit an incriminating response. See U.S. v. Avery, 717 F.2d 1020 (6th Cir. 1983), U.S. v. Clark, 982 F.2d 965 (6th Cir. 1993), and U.S. V. Garcia-Torres, 1 Fed. Appx. 294, (6 Cir. 2001).

4

Finally, in <u>United Sates v. Poole</u>, 794 F2d 462, where the defendant asserted his right to remain silent, the subsequent questioning by FBI agents regarding Defendant's name was found to be interrogation because the agents knew that the answer to the question would likely illicit an incriminating response. Amended 806 F2d 853 (9th Cir. 1986).

In the within cause of action, as is set forth in the FBI-302, the Defendant, Ahmad Musa Jebril, invoked his right to counsel, and accordingly, any further questioning and/or interrogation was in contravention of the United States Constitution. The purported admission to the aliases set forth on the fingerprint card must be suppressed, and must be redacted from the fingerprint card if the Government intends to utilize it as an exhibit in the within cause of action.

Respectfully submitted,

STEPHEN T. RABAUT (P 31143)
Attorney for Defendant
19900 East Ten Mile Road, Ste. 102
St. Clair Shores, MI 48080-4412
(586) 776-1110

Dated: 11-5-04

5

302 (Rev. 10-6-95)

-1-

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription    09/11/2003

Pursuant to an authorized arrest warrant signed by United States Magistrate Judge Virginia Morgan, United States District Court, Eastern District of Michigan, Special Agents of the Federal Bureau of Investigation (FBI) located and arrested AHMAD MUSA JEBRIL at his residence, 4637 Palmer, Dearborn, Michigan. The arrest was conducted by SA Theodore M. Ryan, SA Timothy Waters, SA Brian Max, SA Corey Burras, SA Michael Paul, SA John Shoup, SA Dan Falcitelli, and SA Laura Stanley (US Secret Service).

At approximately 7:05 am on September 09, 2003, Special Agent John Shoup repeatedly knocked and announced at the front door of the residence, but after a reasonable time had passed the decision was made to force entry. SA Brian Max effected the entry using a ram. The arrest team entered the residence and encountered JEBRIL as he was exiting his bedroom.

The entry team later learned from the rear perimeter team that JEBRIL had opened his bedroom window and began climbing out in an apparent attempt to flee, but he was ordered back into the house. JEBRIL then surrendered to the arrest team and was taken into custody.

JEBRIL was transported to the Detroit office of the FBI where he was fingerprinted and photographed. An attempt was made to interview JEBRIL, but he invoked his right to counsel. He was subsequently transported to the Theodore Levin Courthouse and placed in the custody of the United States Marshal Service prior to his initial appearance.

JEBRIL is described as follows:

| | |
|---|---|
| Race: | White (Palestinian) |
| Sex: | Male |
| Height: | 5'10" |
| Weight: | 190 pounds |
| Eyes: | Brown |
| Hair: | Black |
| DOB: | 03/29/1971 |
| POB: | Dearborn, Michigan |

---

Investigation on   09/09/2003   at   Dearborn, Michigan

File #  265C-DE-79386                              Date dictated   09/11/2003

by   SA Theodore M. Ryan:tmr, SA Timothy Waters, SA Brian Max, SA Corey Burras, SA Michael Paul, SA John Shoup, SA Dan Falcitelli, SA Laura Stanley

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

STATE USAGE

NEF OEDONO

SUPNISION          APPROXIMATE CLASS        AMPUTATION        SCAR

STATE USAGE

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

JEBRIL, AHMAD MUSA

SIGNATURE OF PERSON FINGERPRINTED          SOCIAL SECURITY NO.          LEAVE BLANK

A. JASSEN/AJSEN
LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

UMAR, NASAR
GIBREEL, AHMAD
GIBREL, AHMED

MAACH, BRAHIM
RIAD, MOHAMMED
SUFIAN, MOHAMMED
SIFNY, JAMAL

GOVERNMENT
EXHIBIT
2.4

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH | MM | DD | YY | SEX | RACE | HEIGHT | WEIGHT | EYES | H |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 839346HB9 | | | 19710329 | | | M | W | N70 | 185 | BRO | BL |

Cross Match ID 1000 23300          HP 4100TN

CRIMINAL JUSTICE INFORMATION SERVICES DIVISION, CLARKSBURG, WV 26306

| | | DATE OF ARREST | ORI |
|---|---|---|---|
| | | MM DD YY | MIFBIDE00 |
| | | 20030909 | CONTRIBUTOR MIFBIDE00 |
| | | | ADDRESS FBI |
| | | | DETROIT, MI |

DATE OF OFFENSE
MM DD YY
20030909

PLACE OF BIRTH (STATE OR COUNTRY)
MI

COUNTRY OF CITIZENSHIP
US

SCARS, MARKS, TATTOOS, AND AMPUTATIONS

RESIDENCE/COMPLETE ADDRESS
4637 PALMER STREET, DEARBORN, MI, US 48126

LOCAL IDENTIFICATION/REFERENCE
313 965 2323

COREY S BURRAS

20030909
2699 - Fraud

FD-249 (REV. 5-11-99)

☆U.S. GPO: 2001 472-431/40019