AO245B  [Rev. 12/03] Judgment in a Criminal Case
Sheet 1

Judgment-Page 1 of 8

# United States District Court
## Eastern District of Michigan

| United States of America | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| AHMAD MUSA JEBRIL | Case Number: 03CR80810-1 |
| | USM Number: 31943-039 |
| | RICHARD LUSTIG |
| | Defendant's Attorney |

FILED
JAN 27 2006
CLERK'S OFFICE
DETROIT

**THE DEFENDANT:**

Was found guilty on count(s):  **1ss, 42ss, 2ss-33ss, 34ss-41ss**  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See page 2 for details. | | | |

The defendant is sentenced as provided in pages **2 through 8** of this judgment. This sentence is imposed pursuant of the Sentencing Reform Act of 1984

Count(s):  **All remaining**  are dismissed on the motion of the United States after a plea of not guilty.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/12/05
Date of Imposition of Judgment

*Gerald E Rosen*
Gerald E Rosen
United States District Judge

JAN 27 2006
Date Signed

AO245B  [Rev. 12/03] Judgment in a Criminal Case
    Sheet 1A

Judgment-Page 2 of 8

DEFENDANT:  AHMAD MUSA JEBRIL
CASE NUMBER:  03CR80810-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. 371 | Conspiracy to Defraud | 8/03 | 1ss |
| 18 U.S.C. 922(g) | Felon in Possession of Firearms and Ammuition | 8/03 | 2ss |
| 18 U.S.C. 1341 | Mail Fraud | 8/03 | 3ss-6ss |
| 18 U.S.C. 1343 and 2 | Wire Fraud, Aiding and Abetting | 8/03 | 7ss-10ss |
| 18 U.S.C. 1344 and 2 | Bank Fraud | 8/03 | 11ss |
| 18 U.S.C. 1956 and 2 | Laundering Monetary Instruments, Aiding and Abetting | 8/03 | 12ss-33ss |
| 26 U.S.C. 7203 | Willful Failure to File Income Tax Returns | 8/03 | 34-41ss |
| 42 U.S.C. 408 | Fraudulent Use of a Social Security Number | 8/03 | 42ss |

DEFENDANT: AHMAD MUSA JEBRIL
CASE NUMBER: 03CR80810-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **Counts lss & 42ss 60 months on each count to be served concurrently, Counts 2ss-33ss 70 months on each count to be served concurrently, Counts 34ss-41ss 12 months to be served concurrently with the other counts.**

    See next page for recommendations.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

Judgment-Page 4 of 8

DEFENDANT: AHMAD MUSA JEBRIL
CASE NUMBER: 03CR80810-1

## ADDITIONAL IMPRISONMENT TERMS

None

## ADDITIONAL RECOMMENDATIONS

That the defendant participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program, approves of the payment schedule of this program, and hereby orders the defendant's compliance. Also, that the defendant be given credit for time served and that he be housed at the Milan Facility.

AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 3- Supervised Release

Judgment-Page 5 of 8

DEFENDANT: AHMAD MUSA JEBRIL
CASE NUMBER: 03CR80810-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 years on Counts 1ss-33ss and 42ss; and 1 years on Counts 34ss-41ss, run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

- The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's crminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

AO245B  [Rev. 12/03] Judgment in a Criminal Case
    Sheet 3C - Supervised Release

Judgment-Page 6 of 8

DEFENDANT: AHMAD MUSA JEBRIL
CASE NUMBER: 03CR80810-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall make monthly installment payments on any remaining balance of the **restitution** at a rate and schedule recommended by the Probation Department and approved by the Court.

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall provide the probation officer access to any requested financial information.

DEFENDANT: AHMAD MUSA JEBRIL
CASE NUMBER: 03CR80810-1

## CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS: | $ 3675.00 | $ 0.00 | $ 250766.51 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Michigan Basic Property Insurance Association | 0.00 | 150074.98 | |
| Balboa Insurance Company | 0.00 | 46968.87 | |
| ZC Sterling Insurance Company | 0.00 | 8627.44 | |
| State Farm Insurance Company | 0.00 | 9579.27 | |
| SafeCo Insurance Company | 0.00 | 10967.34 | |
| Foremost Insurance Company | 0.00 | 5305.89 | |
| Comerica Bank | 0.00 | 19242.72 | |
| **TOTALS:** | $ 0.00 | $ 250766.51 | |

Restitution amount ordered pursuant to plea agreement **$250766.51**

    **the interest requirement is waived for the restitution**

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245B [Rev. 12/03] Judgment in a Criminal Case
    Sheet 6 - Schedule of Payments

Judgment-Page 8 of 8

DEFENDANT: AHMAD MUSA JEBRIL
CASE NUMBER: 03CR80810-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance. All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Musa Jebril 03-80810-2 | 0.00 | 250766.51 | |

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.