# NOTE

NOVEMBER 21, 1988      FARMINGTON HILLS
                       City

I CERTIFY THIS TO BE A TRUE AND EXACT COPY OF THE ORIGINAL INSTRUMENT

4637 PALMER   DEARBORN, MI 48126
(Property Address)

State

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 40,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is THE PRUDENTIAL INSURANCE COMPANY OF AMERICA. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 10.625 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the 1ST day of each month beginning on JANUARY 1989. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on DECEMBER, 1 2018, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at THE PRUDENTIAL MORTGAGE CAPITAL COMPANY, INC. P.O. BOX 9049, VAN NUYS, CA 91409-9049 or at a different place if required by Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 369.64.

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 04 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

IF THE NOTE HOLDER HAS REQUIRED ME TO PAY IMMEDIATELY IN FULL AS DESCRIBED ABOVE, THE NOTE HOLDER WILL HAVE THE RIGHT TO BE PAID BACK BY ME FOR ALL OF ITS COSTS AND EXPENSES IN ENFORCING THIS NOTE TO THE EXTENT NOT PROHIBITED BY APPLICABLE LAW. THOSE EXPENSES INCLUDE, FOR EXAMPLE, REASONABLE ATTORNEYS' FEES.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

MULTISTATE FIXED
(R 00/95)

NOTE - Single Family - FNMA/FHLMC UNIFORM INSTRUMENT

FORM 3200 12/83

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I AND ANY OTHER PERSON WHO HAS OBLIGATIONS UNDER THIS NOTE WAIVE THE RIGHTS OF PRESENTMENT AND NOTICE OF DISHONOR. 'PRESENTMENT' MEANS THE RIGHT TO REQUIRE THE NOTE HOLDER TO DEMAND PAYMENT OF THE AMOUNTS DUE. 'NOTICE OF DISHONOR' MEANS THE RIGHT TO REQUIRE THE NOTE HOLDER TO GIVE NOTICE TO OTHER PERSONS THAT THE AMOUNTS DUE HAVE NOT BEEN PAID.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ _musa A. Jebril_ _____ (Seal)
MUSA A. JEBRIL                                       -Borrower

_____ _Subhieh Jebril_ _____ (Seal)
SUBHIEH JEBRIL                                       -Borrower

_____ (Seal)
                                                     -Borrower

_____ (Seal)
                                                     -Borrower

_____ (Seal)
                                                     -Borrower

_____ (Seal)
                                                     -Borrower

(Sign Original Only)

0747785MEX

**DUPLICATE COMMITMENT LETTER**
Page 1 OF 2

DATE: 11/02/88    30 YEAR FIXED RATE MORTGAGE

| NAME OF APPLICANT(S) | MUSA A. JEBRIL, SUBHIEH JEBRIL |
|---|---|
| PRESENT ADDRESS | 4647 PALMER<br>DEERBORN, MI 48126 |

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA   ("Lender") is pleased to inform you that your application for a first mortgage loan has been approved subject to the following terms and conditions. Should there be any material change to the terms of this commitment, the Lender reserves the right to reevaluate your application.

**PROPERTY ADDRESS**   4637 PALMER
DEERBORN, MI 48126

**BASIC TERMS**
Sales Price: REFINANCE
Loan Amount:    $40000.00
Secondary Financing: NONE
Loan Term: 360   MONTHS

Interest Rate: 10.625%
Origination Fee: 0.750
Discount Points: 0.000
•Commitment Expiration Date: 03/02/89
••Interest Rate Expiration Date: 12/10/88

Monthly Principal and Interest Payment    $369.64
(not including monthly accruals for taxes, hazard insurance, mortgage insurance, or other escrows required by the Lender.)

*YOUR LOAN MUST CLOSE BY THE COMMITMENT EXPIRATION DATE.

**IF YOUR INTEREST RATE EXPIRES PRIOR TO CLOSING, IT WILL BE RESET AT THE COMMITTED RATE OR THE CURRENT RATE, WHICHEVER IS HIGHER. YOU MUST QUALIFY AT THE HIGHER RATE.

**ARM FEATURES IF APPLICABLE**
Refer to the attached copy of your ARM Disclosure Statement for important features including the "Conversion Option," if any.

Index: N/A        Margin: N/A

**LATE PAYMENT CHARGES**
Your payment will be due on the first day of each month without exception. A late payment service charge of 04% will be charged on payments received after the 15th of the month in which the payment is due.

**TITLE MATTERS**
A title insurance binder and current house location survey (when requested) from a company acceptable to the Lender must be provided to the Lender prior to closing. The mortgagee title insurance policy must insure the validity and priority of the Lender's first lien on the property, subject only to conditions acceptable to the Lender.

**LEGAL COMPLIANCE**
The property must comply with applicable zoning, building, and other laws and regulations.

**LEGAL DOCUMENTS**
This loan is subject to the terms of the standard Note and Security Instrument used by the Lender. No changes to the closing documents are permitted.

**MODIFICATIONS**
The Lender reserves the right to withdraw this commitment or to modify its terms if any material facts appear that have not previously been revealed to us by you.

**PAYMENT OF CLOSING COSTS**
You are responsible for all closing costs. In no event will the Lender be responsible for any closing costs.

**HAZARD INSURANCE REQUIREMENTS**
We are to be furnished at the loan closing with an original hazard insurance policy (unless we are required by state law to accept a binder) and a paid receipt for the first year's premium. The coverage must at least equal the lesser of 100 percent of the insurable value of the improvements or the unpaid balance of the mortgage. The insurance may not be less, however, than the minimum amount required under the terms of coverage to fully compensate for any damage or loss on a replacement cost basis. The insurance policy must be obtained from a company acceptable to the Lender and must have a standard mortgagee clause designating the mortgagee as follows:

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
its successors and/or assigns as their interests may appear,
P.O. BOX 9049, VAN NUYS, CALIFORNIA 91409-9049

**FLOOD INSURANCE REQUIREMENTS**
If at any time the property is indicated as being located in a HUD identified flood area, flood insurance as required under the National Flood Insurance Act of 1968, as amended, will be required. The Lender is to be furnished at the loan closing with an original policy (or an original binder) with a paid receipt for the first year's premium from a company and in a form acceptable to the Lender. The loss payable clause must be as described in the Hazard Insurance Requirements section.

**GOOD FAITH DEPOSIT**
If a Good Faith Deposit has been received, it will be applied toward the actual fees incurred in the processing of your loan application. Under certain circumstances, this fee may be nonrefundable.

```
                                                    COMMITMENT LETTER
                                                    Page 2 OF 2
```

| DATE: 11/02/88 | 30 YEAR FIXED RATE MORTGAGE |
|---|---|
| NAME OF APPLICANT(S) | MUSA A. JEBRIL, SUBHIEH JEBRIL |
| PRESENT ADDRESS | 4647 PALMER<br>DEERBORN, MI 48126 |

**PERFORMANCE**  You agree to execute all documents required by the Lender to comply with applicable regulations and render the loan saleable in the secondary market. This agreement will survive the closing of the loan contemplated herein.

**CONDITIONS OF APPROVAL**  THE FOLLOWING CONDITIONS MUST BE SATISFIED AT OR PRIOR TO THE TIME OF CLOSING.

1. PAY OFF ALL EXISTING LIENS ON THE SUBJECT PROPERTY.
2. LENDER TO RECEIVE ACCEPTABLE FULLY EXECUTED BUYER/SELLER AFFIDAVIT AND AGREEMENT.
3. LENDER TO RECEIVE ACCEPTABLE WRITTEN PROOF OF PAYOFF OF SEARS ACCOUNT #6052524134009, APPROXIMATE AMOUNT OF $1500.
4. LENDER TO RECEIVE ACCEPTABLE WRITTEN PROOF OF PAYOFF OF VISA FIRSTCARD ACCOUNT #046736121305878347, APPROXIMATE AMOUNT OF $1200.

NOTE TO MORTGAGOR(S):

AS DISCUSSED AT THE TIME OF YOUR APPLICATION, A COPY OF THIS COMMITMENT LETTER IS BEING FORWARDED TO THE BROKER THAT REGISTERED YOU WITH THE PRUDENTIAL HOME MORTGAGE PROGRAM. THE INFORMATION FURNISHED TO THIS BROKER IS EXCLUSIVELY FOR THEIR USE IN CONNECTION WITH THIS TRANSACTION AND IS NOT TO BE USED FOR ANY OTHER PURPOSE.

ASSIGNMENT: YOU MAY NOT ASSIGN THIS COMMITMENT UNDER ANY CONDITIONS. THE LENDER MAY TRANSFER THIS COMMITMENT.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

*/s/ Patricia L. Hedman*
NAME:  (XXXX)  PATRICIA L. HEDMAN

TITLE: MORTGAGE COUNSELOR

CC: INDEPENDENCE ONE-LIVONIA
37276 SIX MILE ROAD
LIVONIA, MI 48152
ATTN: RHODA MCKENZIE

*/s/ Musa A. Jebril*
MUSA A. JEBRIL

*/s/ Subhieh Jebril*
SUBHIEH JEBRIL